UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DREVDAHL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FAIRFIELD, municipal corporation; J. WILLIAMS, in his individual capacity and as a police officer for the Fairfield Police Department,<br><br>    Defendants. | No. 2:20-cv-0859 DB |

**<u>STATUS (PRETRIAL SCHEDULING) ORDER</u>**

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

////

////

////

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in this action on November 13, 2020, at 10:00 a.m. before the undersigned.[1] Attorney Patrick Buelna appeared via Zoom on behalf of plaintiff. And attorneys Joanne Tran and Gregory Fox appeared via Zoom on behalf of defendants.

After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

Service of process has been completed. No further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction over plaintiff's claims is predicated upon 28 U.S.C. §1331, is not disputed, and is hereby found to be proper. Venue is not disputed and is also found to be proper.

**DISCOVERY**

The parties shall make initial disclosures under Federal Rule of Civil Procedure 26 no later than 28 days from the date of this order. Plaintiff shall disclose experts no later than **May 28, 2021**. Defendants shall disclose experts no later than **June 11, 2021**. Rebuttal experts shall be disclosed no later than **June 25, 2021**. All discovery is left open, save and except that it shall be so conducted as to be <u>completed</u> by **October 29, 2021**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

////

////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (ECF No. 8.)

**MOTION HEARING SCHEDULE**

All law and motion, except as to discovery is left open, save and except that it shall be conducted so as to be completed by **December 17, 2021**. The word "completed" in this context means that all law and motion matters must be heard by the above date. The parties are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. THE PARTIES ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is set for **March 11, 2022,** at **1:30 p.m.** in courtroom no. 27 before the undersigned. Counsel appearing at the Final Pretrial Conference shall be lead counsel at trial.

The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing

////

Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiff and defendants, the parties are to prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  The undisputed facts and disputed factual issues are to be set forth in two separate sections.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.

The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at trial.  <u>The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.</u>  However, with respect to the listing of <u>un</u>disputed facts, the court will accept agreements as to evidentiary facts.  If the case is tried to a jury, the undisputed facts will be read to the jury.  The parties' joint statement shall also address the parties' position on the number of jurors to be impaneled to try the case.

The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiffs' Pretrial Statement.  Concurrently with the filing of the joint statement, the parties shall submit a copy as a word document, in its entirety (including the witness and exhibit lists discussed below) to: dborders@caed.uscourts.gov.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.  Plaintiff's

exhibits shall be listed <u>numerically</u>; defendants' exhibits shall be listed <u>alphabetically</u>. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ". However, if the amount of defendants' exhibits exceeds "ZZ" exhibits shall be then listed as AAA, BBB, CCC, etc. Each page within a multi-page exhibit shall be numbered. (For example, Exhibit A-1, A-2, A-3).

In the event that plaintiff and defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit was first identified by the moving party. The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

A jury trial is set for **May 9, 2022, at 9:00 a.m.** in courtroom no. 27 before the undersigned. Trial is estimated to last 5 court days.

////

////

////

////

5

**SETTLEMENT CONFERENCE**

The parties are advised that a Settlement Conference may be scheduled when the Final Pretrial Conference is held.[2] The court may require that all parties proceeding pro se be present at the Settlement Conference. Such a settlement conference may be set before the undersigned, if both parties request that the undersigned participate in the conference and will waive any claim of disqualification on that basis. The parties may also request a settlement conference before another magistrate judge. See Local Rule 270(b).

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Initial disclosures shall be made within 28 days of the date of this order.

2. Plaintiff shall disclose experts no later than **May 28, 2021**.

3. Defendants shall disclose experts no later than **June 11, 2021**.

4. Rebuttal experts shall be disclosed no later than **June 25, 2021**.

5. Discovery shall be completed by **October 29, 2021**.

6. All pretrial motions, except motions to compel discovery, shall be completed by **December 17, 2021**.

7. Final pretrial conference is set for **March 11, 2022** at **1:30 p.m.** in courtroom no. 27 before the undersigned.

////

////

////

---

[2] At any time prior to the Final Pretrial Conference, an early settlement conference may be set before the undersigned, or another magistrate judge who is randomly selected, if all parties agree to request an early settlement conference. Either party may initiate such a request by calling Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128. Information will be provided regarding the procedure to follow.

8. This matter is set for a jury trial on **May 9, 2022** at **9:00 a.m**. in courtroom no. 27 before the undersigned.

Dated: November 15, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/drevdahl0859.sched.ord